WILLIAM COTY et al., Appellants, v. GERALD O. KAYE et al., Respondents.— In an action to recover damages for injury to person and property, originally instituted in the Municipal Court of the City of New York and thereafter removed to the Supreme Court, Queens County, plaintiffs appeal from (1) an order entered May 2, 1958 which marked the action off the General Calendar and placed it on a Deferred Calendar, not to be transferred to the Day Reserve Calendar before October, 1962 (see Queens County Supreme Ct. Rules, rules 2, 9); and (2) from an order entered January 22, 1959 which purported to deny in all respects a motion for an order (a) granting a rehearing and reconsideration of appellants' right to a preference herein and a continuance of the case on the General Calendar as a preferred cause, (b) directing the vacatur of the order of May 2, 1958, (c) directing the restoration of the case to the General Calendar as a preferred cause in its regular order or (d) in the alternative directing that the order of May 2, 1958 be amended or be deemed amended to include certain recitals. Appeal from order entered May 2, 1958 dismissed, without costs (see e.g. *Mascia* v. *Torinese,* 9 A D 2d 772). Order entered January 22, 1959 modified by striking out the ordering paragraph and by substituting therefor the following: " Ordered that the said application be and the same hereby is granted to the following extent: (a) granting a rehearing and reconsideration of the issue of appellants' right to a preference pursuant to Rule 9 (b) vacating and setting aside the order heretofore entered May 2, 1958; and (c) directing the restoration of this cause to the General Calendar as a preferred cause in its regular order pursuant to Rule 9 and pursuant to the order removing this cause to the Supreme Court." As so modified, order affirmed, without costs. While the order entered January 22, 1959 purports to deny the motion " in all respects ", the alternative relief requested was in effect granted, and thus the rehearing and reconsideration of the issue of appellants' right to said preference was in effect also granted. Under the circumstances, this order should be considered as if the motion for rehearing and reconsideration had been granted and as if on such rehearing and reconsideration the court had adhered to its original decision. Under the unusual circumstances here disclosed, it is our opinion that the order of May 2, 1958, which in effect vacated or modified the order removing the action to the Supreme Court, and placing the action on the Jury Calendar of such court at the end of those cases noticed for trial for the October 1956 Term of the Supreme Court, was an improvident exercise of discretion. Nolan, P. J., Ughetta, Kleinfeld, Pette and Brennan, JJ., concur.

HYMAN FISHMAN, as Administrator of the Estate of Jacob FISHMAN, Deceased, Appellant, v. EDWARD LUBACK, Respondent.— In an action to recover damages for personal injuries, alleged to have been caused by respondent's negligence in operating a motor vehicle so as to strike and injure appellant's intestate, a pedestrian, the appeal is from so much of an order which granted reargument as, on reargument, adhered to the original determination denying appellant's motion to overrule objections made to certain questions asked respondent on an examination before trial and to direct respondent to submit to a further examination. The primary purpose of the original motion was, in effect, to obtain a new examination of respondent by reason of the death of the original plaintiff after the termination of the first examination. Order insofar as appealed from affirmed, with $10 costs and disbursements. No opinion. Nolan, P. J., Beldock, Christ, Pette and Brennan, JJ., concur.